# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 36]

Name of Offender: Daron L. Graves     Case Number: 2:09-00011

Name of Judicial Officer: The Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: May 2, 2011

Original Offense: 18 U.S.C.§2250(a): Failure to Register Under Sex Offender Registration and Notification Act

Original Sentence: 30 months' custody and 10 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: August 7, 2013

Assistant U.S. Attorney: Darryl A. Stewart     Defense Attorney: Ronald C. Small

---

**PETITIONING THE COURT**

\_\_\_ To issue a Summons.
\_\_\_ To issue a Warrant.
**X** To Consider Additional Violations / Information

---

**THE COURT ORDERS:**
☒ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this \_\_\_ day of _____, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Donna Jackson
Intensive Supervision Specialist

Place     Nashville, TN

Date     April 7, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 36 has been amended as follows:

**Violation No. 5 - has been added to include a new state charge.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall submit to drug testing at the request of the probation officer.** |

As part of the U.S. Probation Offices drug testing program, Mr. Graves has missed three random drug screens on December 19, 2013, December 26, 2013, and January 2, 2014. Mr. Graves has been removed from the drug testing program due to absconding and now being held in state custody.

2. **The defendant shall participate in drug testing and treatment, which may include a 30-day inpatient program followed by up to 90 days in a community correction center at the direction of the probation officer.**

Mr. Graves was seen in the probation office on December 11, 2013, and signed paperwork for a substance abuse assessment with Centerstone Mental Health. He was given contact information for Centerstone and instructed to call them and schedule an assessment, due to the fact he is homeless and does not have a contact number for Centerstone to call him. Mr. Graves has failed to contact Centerstone.

3. **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Mr. Graves failed to submit a written report for the month of December 2013. The report was due to the probation office between January 1 and January 5, 2014. The probation officer has not had any contact with Mr. Graves since December 11, 2013.

4. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

Mr. Jeff Lucas, Assistant Director of Guest Services at the Nashville Rescue Mission advised the last time Mr. Graves stayed at the mission was November 26, 2013.

5. **The defendant shall not commit another federal, state or local crime.**
**New Violation**

Mr. Graves was arrested by the Nashville Metropolitan Police Department on February 4, 2014, and charged with Sex Offender Registration Violation - 1st Offense. According to the affidavit, Mr. Daron Graves is a registered violent sexual offender in Nashville, Tennessee. He last reported as homeless on December 2, 2013. While reporting as "homeless," offenders are required to report to the registering agency monthly. He failed to report in January 2014 as required by law, a Class E Felony. Mr. Graves pled guilty to this charge on April 3, 2014, and was sentenced to one year to serve at 30% and $508.00 court costs.

Mr. Graves remains in state custody.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Graves began his supervised release on August 7, 2013, and he is currently scheduled to terminate supervision on August 6, 2023. Mr. Graves owes $50.00 on his ordered special assessment. Mr. Graves has been homeless since being placed on supervision. He was encouraged to stay at the Nashville Rescue Mission, but has only stayed there sporadically. His reported he has stayed on the street some nights and has stayed at churches through the Room in the Inn program. As previously reported to Your Honor, Mr. Graves admitted to using cocaine on October 24, 2013. Mr. Graves agreed to an additional condition for drug assessment and treatment to address the admitted drug use. Mr. Graves is supposed to report to the Metro Nashville Police Department monthly to update the sex offender registry.

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

A warrant has been issued for Daron Graves, and it is recommended that this additional violation be considered at the revocation hearing before the Court.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DARON L. GRAVES. , CASE NO. 2:09-00011

**GRADE OF VIOLATION:** B
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003    Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 21 - 27 months *U.S.S.G. § 7B1.4* | No recommendation |
| SUPERVISED RELEASE: | 5 years to life *18 U.S.C. 3583(h)* | 5 years to life *U.S.S.G. § 5D1.2(b)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

Donna Jackson
U.S. Probation Officer

Approved:
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Daron L Graves

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 2:09CR00011 - 1

3. **District/Office** MDTN, Nashville

4. **Original Sentence Date** 05 / 02 / 2011
                                      month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall submit to drug testing at the request of the probation officer | C |
| Shall participate in drug testing and treatment | C |
| Shall report to the probation officer and shall submit a truthful and complete written report within the first fives days of each month | C |
| Shall notify the probation officer at least 10 days prior to any change in residence or employment | C |
| Shall not commit another federal, state or local crime | B |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    VI

10. **Range of Imprisonment** *(see §7B1.4(a))*    21 - 27 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Daron L Graves

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($)        _____   Home Detention          _____

    Other      $50 Special Assessment    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Defendant's currently reported address:

Criminal Justice Center
448 2nd Avenue North
Nashville, TN 37201